IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BUDDY XEKO,

                      Petitioner,                      OPINION AND ORDER

v.

                                                    21-cv-421-wmc

MATTHEW MARSKE,

                      Respondent.

---

Buddy Xeko, a prisoner currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, is petitioning for post-conviction relief under 28 U.S.C. § 2241. Specifically, petitioner is asking that this court ensure the Bureau of Prisons ("BOP") is correctly applying all "earned time credits" to his sentence consistent with the provisions of the First Step Act of 2018. Unfortunately, this petition must be dismissed because it is not ripe for review.

BACKGROUND

Briefly, Xeko filed his petition on June 29, 2021, and represents that on June 23, 2021, he submitted a "Central Office Appeal" from the denial of his request for earned time credits. In the original denial, Xeko was apparently informed that the BOP had not yet begun calculating earned time credits under the First Step Act. (*See* dkt. #1, at 7; *see also* dkt. #1-10.) However, Xeko maintains that he has accrued between 284 and 516 days of earned time credit, and that if his credits were appropriately applied under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), he would be eligible for release in the "very near

1

future."

Still, at the time he filed his petition in this court, Xeko had not yet received a ruling on his appeal to the BOP's Central Office.

OPINION

Before seeking habeas relief in federal court under 28 U.S.C. § 2241, an inmate is required to exhaust administrative remedies. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). However, a district court *may* excuse exhaustion where: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Here, Xeko suggests that exhaustion would be futile because "the BOP's stance and responses with all similar cases brought before the courts" makes it "evident and predictable" that his appeal will fail. While speculative, Xeko also has a colorable claim that the BOP's resolution of his appeal is predetermined. Nonetheless, Xeko is not entitled to relief because the First Step Act does not actually require the BOP to implement the time credit provisions of § 3632(d) until January 15, 2022, and this court would appear to have no legal basis to compel its application before Congress directs.

The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 101 of the First Step Act amended § 3624(b)(1) with respect to the manner in which "good-time credits" are calculated, as well as mandated the creation of a "risk and needs assessment system" ("the system"). 18 U.S.C. § 3632. Congress further directed the Attorney General to develop that system "not later than 210 days after the enactment of this subchapter," meaning that the changes did not actually go into effect until July of 2019. § 3632(a); *Thompson v. Warden*, No. 219-CV-89, 2019 WL 2142580, at *3 (S.D. Ind. June 7, 2019). The First Step Act also permitted the BOP *another* 180 days after this system was developed to complete a risk assessment for each inmate, which was to occur on or before January 15, 2020. § 3621(h)(1)(A).

Critical to Xeko's petition, however, the BOP was also given an *additional* two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all prisoners." § 3621(h)(2)(A-B). Moreover, during this "phase-in" period, the BOP was empowered to exercise its own discretion as to how and when to expand programs and activities, as well as offer the system's incentives and rewards as of the date of enactment of the First Step Act:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

3

§ 3621(h)(4) (emphasis added).

In light of this express grant of discretion, many cases have concluded that federal courts lack subject matter jurisdiction to review claims challenging the BOP's application of the provisions of the First Step Act until January 15, 2022. *E.g.*, *Cohen v. United States of America*, No. 20-cv-10833-JGK, 2021 WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021) ("[U]ntil the phase-in period is completed, the Court would lack any basis to determine if the BOP was complying with the statutory requirements."); *Kennedy-Robey v. FCI Pekin*, No. 20-cv-1371, 2021 WL 797516, at *1-4 (C.D. Ill. Mar. 2, 2021) ("The statutory language indicates that Congress left [the determination of how to phase-in the system incentives] up to the BOP, while at the same time giving the BOP a deadline of January 15, 2022. Until that date, the Court does not find that Kennedy-Robey has any right to application of earned time credits that this Court can enforce."); *Hand v. Barr*, No. 1:20-cv-348, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) (same holding in a report and recommendation); *Llewlyn v. Johns*, No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), report and recommendation adopted, No. 5:20-cv-77, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021) (same); *Herring v. Joseph*, No. 4:20-cv-249, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020) (same). Although one district court has found differently in *Goodman v. Ortiz*, No. 20-cv-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020), even that court also acknowledged the statute does *not* explicitly require the BOP to apply prisoner earned credits.

Although sympathetic to petitioner's desire for a faster and more definitive answer, this court joins the numerous courts that have respectfully parted ways with the *Goodman* decision. *E.g.*, *Diaz v. Warden*, No. 9:21-cv-0738, 2021 WL 3032694, at *2-3 (N.D.N.Y. July 19, 2021) (acknowledging *Goodman* but noting that the majority of courts disagree with that opinion); *Holt v. Warden*, No 4:20-cv-4064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (collecting cases that have disagreed with the *Goodman* opinion); *Kennedy-Robey*, 2021 WL 797516, at *4 ("If immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4)."); *Cohen*, 2021 WL 1549917, at *3 (noting that the statute "pointedly does not require the BOP to be[gin] to assign [earned time credits] during the phase-in period"). Accordingly, the court must dismiss Xeko's petition as premature, albeit without prejudice to his refiling on or after January 15, 2022, if the BOP has still refused to offer him guidance under the new earned time credit system.

ORDER

IT IS ORDERED that petitioner Buddy Xeko's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice.

Entered this 9th day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge